**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHARON MICHAELS<br>*Plaintiff*<br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., *et al*<br>*Defendant*, | )<br>)<br>) Case No: 1:16-cv-01339-TFH<br>)<br>)<br>)<br>)<br>) |

### *Corrected* RESPONSE PURSUANT TO THE COURT'S JANUARY 17, 2019 ORDER

NOW INTO COURT, through undersigned counsel, Plaintiff submits the instant Response to the Court's January 17, 2019 Order. Plaintiff is very limited due to the page limit in addressing claims against both defendants. Such defendants should also be limited to a single Joint Reply of five pages. If the Court intended Plaintiff to file a Reply for each defendant she would appreciate doing so upon notice from the Court. Plaintiff refers the Court to her *Revised* Replies and Oppositions where she identifies substantial evidence in support of her claims and in opposition to Defendants' motions. *See* ECF #84, #86, #83 & #85.   Defendants should not be permitted to raise new arguments or introduce new purported evidence as done in NCO-TSI's Surreply as it is extremely prejudicial to Plaintiff. *See* ECF #89. NCO-TSI made untimely UPL arguments and attached a hearsay affidavit from an unknown company by a declarant unnamed in NCO-TSI's witness list and from whom Plaintiff has not obtained discovery.

***TERI***. Plaintiff provides record evidence showing that "[t]he [defaulted NCSLT] loans were paid off during the pendency of the TERI Chapter 11 Plan and the Trusts no longer hold right, title or interest in them" citing the "Plan Trust Agreement" and the Order from the TERI Bankruptcy Court. *See* ECF #52, Ex. I & J. TSI's untimely rebuttal contained in its Surreply consists of inadmissible hearsay where the declarant merely declares "***[u]pon information and***

1

*belief*, TERI Loan Holdings never held any right, title, or interest in any student loans for the plaintiff in the above-captioned matter, Sharon Michaels." The Circuit holds that such affidavits are insufficient.[1] Plaintiff cites to ***admissible evidence*** allowing a reasonable jury to find in her favor. Some other issues raised. [2]

*Judicial Notice.* Beneficial owners of the trust "ha[ve] been trying for years ***to end collection practices he considers abusive and illegal***."[3] This is an admission against interest by the beneficial owners. Plaintiff refers the Court to her Motion where the Order would be used to show opportunity, intent, motive, preparation, plan, knowledge, identity.  ECF #93.

First, settled District of Columbia law bars debt collectors from litigating claims on behalf of creditors. *J. H. Marshall & Associates, Inc. v. Burleson*, D.C.App., 313 A.2d 587 (1973); D.C.App. R. 49(b).  Not insurers/indemnitors/sureties but specifically debt collectors

---

[1] *Sage v. Broadcasting Publications, Inc.*, 997 F.Supp. 49, 53 (D.D.C. 1998)("Conclusory allegations made in affidavits opposing a motion for summary judgment are insufficient to create a genuine issue of material fact.").  There are many follow-up questions based the "*[u]pon information and belief*" alone; When an ex parte affidavit presents evidence beyond the simple authentication requirements of rule 902, the extraneous portions of the affidavit constitute inadmissible hearsay. *United States v. Stone,* 604 F.2d 922, 925 (5th Cir.1979).
 *See* ECF #s 60, 61, 83, 84, 85, 86.

[2] No expert testimony is required to prove lack of "meaningful attorney involvement" under the FDCPA. *Bock v. Pressler & Pressler, LLP*, Civ. No. 11-7593 (KM)(SCM) (D.N.Y. Oct. 19, 2017)(the court ruled it is "not a state-law malpractice action by a client against that client's lawyer, alleging deficient performance but is an "FDCPA action by a debtor against a debt collector who also happens to be the *creditor*'s lawyer, alleging misrepresentation." There is no duty of care or breach of such duty of care that must be proven by an expert witness in an attorney malpractice claim.). Instead, FDCPA case precedent is provided to a jury in the form of jury instructions agreed to by the parties and approved by the Court. Willfulness relates to state of mind and is considered a jury question and is defined as **either** reckless disregard of plaintiff's rights **or** a knowing violation.  Multiple violations amount to reckless disregard. Ms. Michaels submitted damages proximately caused by Defendants violation of the DCDCL. ECF# 86, Ex. C & U.  Defendants abused the process by litigating the claim in an unlawful way. No dispute that MRA never communicated with NCSLT and MRA allowed NCO-TSI to interposed itself between the attorney and client. NCO-TSO argues that its industry practice but offers zero evidence in support. Even if it were, **it is not**, it still violates District of Columbia law.

[3] *See* ECF #91, ¶3 & #93; ECF #97, Pl's Supp. Auth.

litigating claims on behalf of creditors.[4]  The DCCA ruled the UPL is a deceptive trade practice.[5]

This is not a case were the alleged creditor sued debtor through a creditor-hired attorney.  This is a case where a third party holding no interest in the alleged debt interposed itself between the attorney and client to sue the alleged debtor and requested attorney fees for itself and the alleged creditor. *Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783, 803-05 (S.D. Ohio 2006).  Other circuits have ruled similarly relating to debt collectors and UPL claims.[6]

      Second, **the time-barred and real party in interest/standing questions** were raised and litigated by TSI through MRA in the NCSLT suit and Ms. Michaels is the prevailing party**.**

      A dismissal with prejudice is deemed an adjudication on the merits for the purposes of *res judicata* and/or collateral estoppel and sufficient for prevailing party status.  See

---

[4] Enacted in 1976, the CPPA was not in existence in 1973 when *Marshall* was decided. However, in 1993, the DCCA decided that the unauthorized practice of law specifically violates the CPPA as "**[t]he performance of legal services….is a '*trade practice*' under the Act.**" *Banks v. D.C. Dep't of Consumer & Regulatory Affairs*, 634 A.2d 433, 437 (D.C. 1993).  The unauthorized provision of legal services through initiation and prosecution of the NCSLT suit against Ms. Michaels by Defendants is an unfair and deceptive trade practice under the CPPA. *JH Marshall* says that NCO-TSI unlawfully performed legal services. By demanding $3,390.44 in attorney fees from Ms. Michaels for such services Defendants made Ms. Michaels a captive consumer forcibly consuming its legal services. Had Defendants' petitioned the Court for attorney fees Ms. Michaels could have objected to the unreasonableness of the amount.

[5] Finding the unauthorized practice of law a "trade practice" the *Banks* Court decidedly held that "the performance of legal services is an act that 'make[s] available,' or 'provide[s] information about,' a 'service[ ]' that is 'part[ ] of the economic output of society.' …therefore, is a 'trade practice' under the Act." *Banks*, 634 A.2d at 437; Plaintiff distinguishes *Baylor v. Mitchell Rubenstein & Associates, PLLC.,* 857 F.3d 939 (D.C. Cir. 2017) in her *Revised* Reply. ECF#83, p. 33-34, ECF #8, p.17, 20-21. The primary difference being that "provision of legal services" is deemed a "trade practice" by the DCCA under *Banks* and mere debt collection has not been yet.

[6] See *Todd v. Franklin*, WL 6140863, at *3 (N.D. Ill. 2011) aff'd, 694 F.3d 849 (7th Cir. 2012) (assignment invalid because plaintiff was "using it to engage in the unauthorized practice of law……public policy forbids the assignment of legal claims to non-attorneys in order to litigate without a license.") *Id*. at 851-852; *Poirier v. Alco Collections, Inc.,* 107 F.3d 347, 350-51 (5th Cir. 1997) (finding that defendant's actions in filing suit against plaintiff constituted unauthorized practice of law and an action that could not legally be taken against the plaintiff in violation of the FDCPA). NCO-TSI seeking attorney fees from a judge for itself is a threat to take an action that it cannot legally take under DC law and thus violates 1692(e) of the FDCPA.

*Green Aviation Mgmt. Co. v. Fed. Aviation Admin.,* 676 F.3d 200, 204-205 (D.C. Cir. 2012). [7]

Third, under the tolling doctrines the **SOL** does not begin to run until Plaintiff could have reasonably discovered the event giving rise to the claim. *Firestone v. Firestone*, 76 F.3d 1205, 1211 (D.C.Cir.1996). [8] The SOL defense is raised as to some of Ms. Michaels claims under the FDCPA only.[9] Application of either doctrine would allow Plaintiff's claims because she did not discover her claims until after the dismissal with prejudice with some being discovered during this suit.[10] Both doctrines apply to the FDCPA.[11] Neither NCO-TSI nor MRA can credibly argue, nor have they produced an iota of evidence, showing that Plaintiff knew or should have

---

[7] *Broder v. Hartford Acc. & Indemnity Co*., 106 F. Supp. 343, 346 (D.C. 1952); *Tembec, Inc. v. US*, 570 F. Supp. 2d 137 (D.C. 2008); *Oklahoma v. Texas*, 256 U.S. 70, 85, 41 S.Ct. 420, 422, 65 L.Ed. 831; *Semtek Int'l Inc. v. Lockheed Martin Corp*.,531 U.S. 497, 505-06, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001)(voluntary dismissal with prejudice constitutes a complete adjudication on the merits) *See* also FED.R.CIV.P. 41(b)..."[u]nless the dismissal order states otherwise, a dismissal... operates as an adjudication on the merits."

[8] *Executive Air Taxi Corp. v. City of Bismarck, N.D.,* 518 F.3d 562, 570 (8th Cir. 2008). (the discovery rule "postpones a claim's accrual until the plaintiff knew, or with the exercise of reasonable diligence should have known, of the wrongful act and its resulting injury.").

[9] Fifth, under strict liability, Plaintiff has established her *prima facia* case against TSI-NCO for violating the FDCPA by sending the June 29, 2014 letter to Ms. Michaels while she was represented by counsel.  TSI-NCO do not dispute that it hired "law firms such as MRA and Dominion to file suit against [Ms. Michaels]."[9] NCO-TSI communicated with Ms. Michaels through Dominion while she was represented by counsel. [9] The attorney's failures are attributable to the client.

[10] *Andrade v. Erin Capital Management LLC,* 2010 WL 1961843 (S.D.Fla. May 17, 2010) (holding that the statute of limitations under the FDCPA does not begin to run until the plaintiff knew or should have known of the defendant's violation of the FDCPA).

[11] *Lembach v. Bierman*, 528 F. App'x 297 (4th Cir. 2013) (applied Discovery Rule); *Mangum v. Action Collection Serv., Inc*., 575 F.3d 935, 941 (9th Cir. 2009)(Applied Discovery Rule); *Rotkiske v. Klemm*, No. 16-1668 (3d Cir. May 15, 2018)(affirmed "the availability of equitable tolling for civil suits alleging an FDCPA violation" and clarified that "our opinion should not be read to foreclose the possibility that equitable tolling might apply to FDCPA violations that involve fraudulent, misleading, or self-concealing conduct.); *Skinner v. Midland Funding*, LLC, No. 16 C 4522 (N.D. Ill. Mar. 27, 2017)("[T]he FDCPA contains no such provision signaling congressional intent to preclude application of the discovery rule to that Act."); *In Re Humes*, No. 3: 10-bk-12140 E (Bankr. E.D. Ark. Dec. 20, 2011)("Where a statute is silent on the issue of the discovery rule, the general rule is that the discovery rule applies.").

known of their illegal contract or its terms (produced for the first time in this action).[12] At the very least, the foregoing presents a jury question.

Fourth, **regarding false statements**;[13] NCO-TSI and MRA rely heavily on: 1) the alleged loan agreement; 2) the alleged payment history. However, both documents are inadmissible hearsay and inherently untrustworthy having been created in anticipation of litigation.[14] Fed. R. Civ. P. 56(c)(2). Plaintiff refers the Court to her *Revised* Replies as all false statements cannot be listed due to page limit. As the non-movant, Plaintiff's versions of events are to be accepted as true. NCO-TSI's arrangement is deceptive under the FDCPA as it violates *J.H. Marshall*. NCO-TSI improperly requested attorney fees for itself a higher interest rate.[15] *See* ECF #83 & #85, Sect. I. NCO-TSI initiated and maintained the NCSLT suit in a name other than its true name. Affiants Boyd and Luke falsely claim personal knowledge. *Id* at Sect.I(d). Boyd admits that the practices and procedures (personal knowledge) he refers to in his affidavit are not NCSLT. See *Id*. False claims of personal knowledge in an affidavit are actionable under the FDCPA.[16] The case caption throughout the NCSLT proceeding is misleading and deceptive.

---

[12] The Court referenced *Naas v. Stolman*, 130 F.3d 892 (9th Cir. 1997), however, the Ninth Circuit seemed to abandon *Nass* and held that the "discovery rule" applies to FDCPA cases. *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 944 (9th Cir. 2009)(applied Discovery Rule)

[13] The "agreement" is deceptively presented as a single document. The claim in both the Luke and Boyd affidavits that "Exhibit 'A' is a true copy of the underlying Credit Agreement/Promissory Note" and that both have personal knowledge of such copy are **FALSE**. NCO-TSI possesses no original or "true" copy of the purported agreement. Not even an original faxed version was produced. Ramona Franklin presented for trial on October 20, 2015could not testify to the truthfulness of such document. *See* ECF# 86, Ex. A, p.1.

[14] *United States v. Blackburn,* 992 F.2d 666, 670 (7th Cir. 1993)(lack of trustworthiness is most frequently found when the record was prepared in anticipation of litigation). *See* Fed. R. Evid. 804(b)(6); ECF#s 83, 85, Sect. I(*d*) (fax markings argument) .

[15] A total of $3,390.44 in attorney fees for a one-page form complaint generated from a template by a nonlawyer in MRA's "court department" is excessive by any measure even without the UPL claim. See ECF #85, Pl. *Revised* Reply, p.10

[16] See *Revised* Reply and the CFPB Consent Order *Gionis v. Javitch. Block. Rathbone, LLP*, 238 F. App'x 24, 30 (6th Cir.2007)(false assertions made in an affidavit violate FDCPA)

DATE: January 29, 2019   　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　CONSUMER JUSTICE ESQ


　　　　　　　　　　　　　　　　　　/s/RDennis　　　　　　
　　　　　　　　　　　　　　　　　　Counsel for Plaintiff, SHARON MICHAELS
　　　　　　　　　　　　　　　　　　CONSUMER JUSTICE ESQ
　　　　　　　　　　　　　　　　　　Radi Dennis, DC Bar#473921
　　　　　　　　　　　　　　　　　　P.O. Box #27081
　　　　　　　　　　　　　　　　　　Washington, DC 20038
　　　　　　　　　　　　　　　　　　rdennis@consumerjusticeesq.com
　　　　　　　　　　　　　　　　　　Telephone: (202) 579-1243
　　　　　　　　　　　　　　　　　　Facsimile: (202) 644-5270


**CERTIFICATE OF SERVICE**


I, Radi Dennis, hereby certify that on this 29th day of January, 2019, a true and accurate copy of the foregoing will be served electronically using the CM/ECF system upon the following:

Bryan Shartle
Spencer Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002-7227
*Attorney for NCO Financial Systems & Transworld Systems Inc.*


Aaron R. Easley
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3 Cross Creek Dr.
Flemington, NJ 08822-4938
*Attorney for NCO Financial Systems & Transworld Systems Inc.*

Lauren Burnette
BARRON & NEWBURGER, P.C.
450-106 State Road 13 N., Suite 326
St. Johns, FL 32259
*Attorney for Mitchell Rubenstein & Associates, P.C.*

David B. Ashe
DOMINION LAW ASSOCIATES, PLLC

222 Central Park Ave, Suite 210
Virginia Beach, VA 23462
*Attorney for Dominion Law Associates, LLC*

        Respectfully Submitted,

        CONSUMER JUSTICE ESQ


        /s/RDennis
        Counsel for Plaintiff, SHARON MICHAELS
        CONSUMER JUSTICE ESQ
        Radi Dennis, DC Bar#473921
        P.O. Box #27081
        Washington, DC 20038
        Telephone: (202) 579-1243
        Facsimile: (202) 644-5270