**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SHARON MICHAELS,

        Plaintiff,

v.                                                                                  Case No: 1:16-cv-01339-TFH

NCO FINANCIAL SYSTEMS, INC.;
TRANSWORLD SYSTEMS, INC.;
MITCHELL & RUBENSTEIN & ASSOCIATES,
PC; DOMINION LAW ASSOCIATES, PLLC

        Defendants.
_____/

**DEFENDANTS, NCO FINANCIAL SYSTEMS, INC. AND TRANSWORLD SYSTEMS INC.S' OPPOSITION TO PLAINTIFF'S RESPONSE PURSUANT TO THE COURT'S JANUARY 17, 2019 ORDER**

    Defendants, NCO Financial Systems, Inc. and Transworld Systems, Inc. (collectively, "Defendants"), file this Opposition to the "Corrected Response Pursuant to the Court's January 17, 2018 Order" ("the Response") filed by plaintiff, Sharon Michaels.

    **I.**    **LAW AND ARGUMENT**

    Plaintiff's Response discusses a variety of issues, each of which has been addressed in the briefing on the parties' Cross Motions for Summary Judgment (Dkt. Nos. 46-90) and/or plaintiff's Motion to Take Judicial Notice (Dkt. Nos. 91-98).  To the extent this Opposition does not address a particular issue, Defendants respectfully refer the Court to the prior briefing.  As explained below, none of the issues raised in plaintiff's Response justify granting her Motion for Summary Judgment or denying Defendants' Motion for Summary Judgment.  Through their latest filing, plaintiff and her counsel continue their pattern of misstating the facts and law, and misleading the Court.

1

A. **The Uncontroverted Evidence Proves NCT Owns Plaintiff's Loan**

As this Court is aware, plaintiff's claims arise out of a state court collection suit ("the Collection Suit") that National Collegiate Student Loan Trust 2007-4 ("NCT") filed against her to collect an unpaid student loan ("the Loan"). Plaintiff asserts the Collection Suit was improper because NCT allegedly does not own the Loan. Yet the uncontroverted evidence proves plaintiff received the Loan from the original creditor, JP Morgan Chase Bank, N.A., and that its right, title, and interest in the Loan were subsequently assigned to NCT. Dkt. 47-3 at ¶¶ 5-6.

Despite this evidence, plaintiff's summary judgment motion argues the Loan is owned by non-party, The Education Resources Institute, Inc. ("TERI"). Dkt. 52 at pp. 8-9. However, plaintiff has no evidence for her false allegation.[1] In contrast, Defendants' briefing explains, in detail, that while TERI took ownership of *certain* NCT loans, plaintiff's loan is not among them. Dkt. 89. In support, NCT attached an affidavit from the manager of TERI's loan portfolio stating "[t]here are no accounts in [TERI's] database matching [Sharon Michaels] as either borrower or co-borrower, nor is there any record of there ever having been." Dkt. 89-1.

Tellingly, plaintiff's story keeps changing. At the January 17, 2019 hearing, plaintiff's counsel did not even mention TERI or its alleged ownership of the Loan. Instead, plaintiff asserted the Loan was owned by a different entity, which her counsel referred to as "Pathmark." However, "Pathmark" is not mentioned in the Complaint, was never brought up in discovery, and is not mentioned in the summary judgment briefing.

Moreover, "Pathmark" is *not* the owner of plaintiff's Loan or *any* loan. Plaintiff (again)

---

[1] Plaintiff did not bother to ask whether her Loan was assigned to TERI during written discovery or during the depositions of three separate TSI employees, including Defendants' 30(b)(6) representative. Dkt. 82-2 at p. 2; Dkt. 64 at p. 19. Moreover, the only documents plaintiff produced in "support" of her false allegation that TERI owns the Loan are an Order and unentered Bankruptcy Plan Trust Agreement that do not mention plaintiff's Loan. Dkt. 52.

misleads the Court by referring to a proposed order from the Delaware Chancery Court in a case entitled, *National Collegiate Master Student Loan Trust, et al v. Pennsylvania Higher Education Assistance Agency*, Case No. 2016-12111-CB ("the Chancery Suit"). Dkt. 97. Yet the proposed order relates only to who qualifies as the "beneficial owners" of the various National Collegiate Student Loan Trust entities ("the Trusts"). *Id.* To be clear, the proposed order has no bearing on who owns plaintiff's Loan or any other loans—the loans are owned by the Trusts, and the Trusts are owned by the "beneficial owners."[2]

In sum, plaintiff's claims fail because the uncontroverted evidence proves NCT owns plaintiff's loan, and plaintiff's arguments to the contrary are utterly frivolous.

### B. Defendants Did *Not* Engage In The "Unauthorized Practice Of Law"

Plaintiff asserts Defendants engaged in the "unauthorized practice of law" ("UPL") in support of her District of Columbia Consumer Protection and Practices Act ("DCCPA") claim. As explained in the briefing, plaintiff cannot state a DCCPPA claim against Defendants because she is not the "purchaser" of Defendants' services. Dkt. 47-1 at pp. 14-16; Dkt 58 at pp. 16-17. Even if she were, plaintiff's UPL theory fails based upon the cases she cites. These cases hold that a non-attorney engages in the UPL only if it accepts a legal *assignment* of a debt solely for the purposes of filing suit, files suit in its *own name*, and then remits the collected amount back to the actual creditor for a fee.[3] Plaintiff's UPL theory fails because Defendants are *not* the "assignees"

---

[2] Plaintiff also moved the Court to take judicial notice of an online article discussing the Chancery Suit in which one of its purported "beneficial owners" alleges NCT's servicers acted improperly. *See* Dkt. 91. The Court should not consider the article in ruling on the parties' motions because the article was not mentioned prior to the close of discovery and, most importantly, the purported "facts" contained in the article are merely allegations, *not evidence*.

[3] *See J. H. Marshall & Assocs. v. Burleson*, 313 A.2d 587, 597 (D.C. 1973); *Todd v. Franklin Collection Serv., Inc.*, 2011 WL 6140863, *4 (N.D. Ill. Dec. 9, 2011); *Poirier v. Alco Collections, Inc.*, 107 F.3d 347, 350 (5th Cir. 1997).

of the Loan, and they did *not* file suit in their own name.  Rather, Defendants, as subservicers and custodians of records for NCT, merely provided documents and placed the Loan with co-defendant law firm, Mitchell Rubenstein & Associates, P.C., who thereafter filed suit in NCT's name.  Dkt. 47-3 at ¶¶ 7-10, 29.

### C. NCT's Dismissal Of The Collection Suit Does *Not* Bar Defendants From Proving NCT Was The Proper Party And/Or That The Collection Suit Was Timely Filed

In plaintiff's summary judgment motion in the Collection Suit, she argued NCT was not the proper party in interest and that the suit was time-barred.  However, the parties stipulated to dismissal before the motion was decided.  Dkt. 52-2, Exh. A.  Plaintiff asserts the dismissal acts as an "adjudication on the merits" pursuant to Fed. R. Civ. P. 41 ("Rule 41") and that Defendants are, therefore, barred from arguing NCT was the proper party and/or that the Collection Suit was timely filed pursuant to the res judicata doctrine.  Dkt. 100 at pp. 3-4.  Not so.

Under Rule 41 (which the D.C. Superior Court rule mirrors), a stipulated dismissal acts as an "adjudication on the merits" only when "the plaintiff previously dismissed any federal- or state-court action based on or including the same claim"—the so-called, "two dismissal rule."  Fed. R. Civ. P. 41(A).  NCT never sued plaintiff to collect the Loan prior to the Collection Suit.  Therefore, the dismissal does *not* act as an "adjudication on the merits."  Again, how can plaintiff's counsel continue to make such obviously baseless allegations under Rule 11?

Moreover, res judicata does *not* bar Defendants from proving NCT was the proper party and/or that the Collection Suit was timely filed.  Res judicata is an *affirmative defense* that encompasses two distinct concepts: claim preclusion and issue preclusion (sometimes called "collateral estoppel").  *Budik v. Ashley*, 36 F. Supp. 3d 132, 141 (D.D.C. 2014).  Claim preclusion bars subsequent litigation of claims that were (or could have been brought) in prior litigation, while issue preclusion bars subsequent litigation of issues of law or fact.  Critically, for issue preclusion

to apply, the issue must "*actually have been decided* in a prior action following a full and fair opportunity to litigate" and the "decision on the issue must have been *necessary to the judgment* in the prior action." *Minebea Co., Ltd v. Papst*, 2003 WL 24147447, *1 (D.D.C. Feb. 4, 2003) (emphasis added).

Res judicata does *not* apply because plaintiff cannot assert an *affirmative defense* when Defendants have brought no claim against her in this suit. Moreover, res judicata cannot bar litigation of the "proper party" or "time bar" issues because those issues were not "actually litigated," let alone "essential" to a prior judgment—the Collection Suit was by dismissed by the stipulation of the parties.[4]

## II.  CONCLUSION

Given the foregoing, the Court should grant Defendants' Motion for Summary Judgment and dismiss plaintiff's claims and deny plaintiff's Motion for Summary Judgment

Respectfully Submitted,

*/s/ Aaron R. Easley*
Aaron R. Easley, Esq. (450292)
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3 Cross Creek Drive
Flemington, New Jersey 08822-4938
Telephone: (908) 237-1660
Facsimile: (908) 237-1663
aeasley@sessions.legal

Bryan C. Shartle, Esq.

---

[4] Moreover, and contrary to opposing counsel's assurances at the hearing, the case law plaintiff cites does *not* stand for the proposition that any issues raised prior to a stipulated dismissal are deemed res judicata—far from it. *See Green Aviation Mgmt. Co. v. F.A.A.*, 676 F.3d 200, 201 (D.C. Cir. 2012) (finding a company that was subject to dismissed administrative proceedings is a "prevailing party," such that it may seek attorney's fees); *Broder v. Hartford Acc. & Indem. Co.*, 106 F. Supp. 343, 345 (D.D.C 1952) (finding a claim was res judicata because it had already been resolved in arbitration, not because it was voluntarily dismissed); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 500 (2001) (statement that decision was "on the merits" did *not* bar subsequent suit involving undecided issues).

5

>Spencer M. Schulz, Esq.
>SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
>3850 N. Causeway Blvd., Suite 200
>Metairie, LA 70002
>Tel: (504) 828-3700
>Tel: (504) 828-3737
>bshartle@sessions.legal
>sschulz@sessions.legal
>
>*Attorneys for Defendants, NCO Financial Systems, Inc. and Transworld Systems Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 5, 2019, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

>*/s/ Aaron R. Easley*
>Aaron R. Easley, Esq.