## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHARON MICHAELS,

                    **Plaintiff,**

v.

NCO FINANCIAL SYSTEMS, INC., *et al.,*

                    **Defendants.**

Civil Action No. 16-01339 (TFH)

### ORDER

Pending before the Court is Plaintiff's Motion to Take Judicial Notice [ECF No. 91], in which she requests that the Court take judicial notice of (1) a consent order between Transworld Systems, Inc. ("TSI") and the Consumer Financial Protection Bureau ("CFPB"); (2) a proposed consent judgment in a case filed by the CFPB against the National Collegiate Student Loan Trusts ("NCSLTs"); and (3) a news article discussing the consent order and proposed consent judgment. Plaintiff asserts that these documents are "relevant to Defendants' ability to both introduce evidentiary documents and its ability to meet its evidentiary burden of proof in this action." *Id.* at 18. Defendants NCO Financial Systems, Inc. ("NCO") and Transworld Systems, Inc. ("TSI") oppose the Motion, arguing that (1) the documents are not relevant; (2) the factual findings in the consent order and consent judgment are not undisputed; (3) the documents are inadmissible "other acts" evidence; (4) any probative value is far outweighed by danger of unfair

prejudice, confusing the issues, misleading the jury, and wasting time; and (5) admission of the documents will not affect the outcome of this case.  Defs.' Opp'n 1-4 [ECF No. 92].[1]

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2); *see also* Advisory Committee's Note to Rule 201(a) ("The usual method of establishing adjudicative facts is through the introduction of evidence, ordinarily consisting of testimony of the witnesses.  If particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary.  *A high degree of indisputability is an essential prerequisite*.") (emphasis added); *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir. 2007) ("In order for a fact to be judicially noticed, indisputability is a prerequisite.") (citing *Hennessy v. Penril Datacomm Networks, Inc.,* 69 F.3d 1344, 1354 (7th Cir. 1995)).

Here, the Court will decline to take judicial notice of the contents of the documents at issue because the terms of the consent order and proposed consent judgment are not undisputed. The consent order specifically states that TSI does not admit or deny "any of the findings of fact or conclusions of law, except that [TSI] admits the facts necessary to establish the [CFPB]'s jurisdiction over [TSI] and the subject matter of this action."  Consent Order ¶ 2 [ECF No. 91-1].

---

[1]     Defendant Mitchell Rubenstein & Associates ("MRA") joins in and incorporates NCO and TSI's Opposition.  MRA's Opp'n 1 [ECF No. 95].  MRA also argues that two additional reasons justify denial of the Motion: (1) the consent order between TSI and the CFPB, and the consent judgment between NCSLT and the CFPB are governed by Federal Rule of Evidence 408; and (2) the documents do not mention MRA's conduct or the propriety of the actions of its attorneys.  *Id.* at 1-2.  Because the Court finds that it is not appropriate for it to take judicial notice of the subject documents for the reasons stated herein, it will not address these additional arguments raised by MRA.

Likewise, the proposed consent judgment states that the NCSLTs "neither admit nor deny any allegations in the Complaint, except as specifically stated in this Order.  For the purposes of this Order, [NCSLTs] admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action."  Proposed Consent J. ¶ 3 [ECF No. 91-1].  Accordingly, while the Court may take judicial notice of the existence of the consent order between TSI and the CFPB, and the proposed consent judgment between the NCSLTs and the CFPB, it is not appropriate under Rule 201 for the Court to take judicial notice of the contents thereof.  *See, e.g., Magnusson v. Ocwen Loan Servicing, LLC*, No. 2:14-cv-00161, 2014 WL 3881626 (D. Utah Aug. 7, 2014) (declining to take judicial notice of contents of consent judgment entered into between Ocwen Loan Servicing and the CFPB and the Attorney General Offices of multiple states).  It follows, then, without addressing any issues related to hearsay, that that it is also inappropriate for the Court to take judicial notice of the news article discussing the terms of the consent order and proposed consent judgment.

Accordingly, the Court **DENIES** Plaintiff's Motion to Take Judicial Notice [ECF No. 91].

**SO ORDERED.**

March 25, 2019

Thomas F. Hogan
SENIOR UNITED STATES DISTRICT JUDGE