UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHARON MICHAELS<br>*Plaintiff*<br>v.<br><br>NCO FINANCIAL SYSTEMS, INC. *et al.*<br>*Defendants*, | )<br>)<br>) Case No: 1:16-cv-01339-TFH<br>)<br>)<br>)<br>)<br>)<br>) |

## OPPOSITION TO NCO-TSI MOTION TO STRIKE

NOW INTO COURT, through undersigned counsel, come Sharon Michaels, Plaintiff in the above entitled and captioned matter, individually, who submits the instant Opposition to NCO-TSI's motion to strike Ms. Michaels Response to NCO-TSI's Notice of Supplemental Authority. NCO-TSI's reason for filing the Notice of Supplemental Authority or the instant Motion to Strike is clear. NCO-TSI uses such motions and replies to distort the record with fabrications and falsehoods relating to the applicable law and facts of this case. NCO-TSI's Notice of Supplemental Authority is replete with argument as it selectively emphasizes quotes in each case that NCO-TSI perceives as favorable to its position as the rulings in both cases are adverse to the plaintiffs in such cases. NCO-TSI attempts in essence to provide and analogize two new cases in support of its summary judgment motion but deny Ms. Michaels the opportunity, through NCO-TSI's unfounded motion to strike, to distinguish such cases via controlling law and record evidence establishing why such cases are not analogous.[1] In other words, NCO-TSI believes that it should be able to litigate this matter against Ms. Michaels whilst Ms. Michaels' has one hand tied behind her back. Fairness and justice requires otherwise.

---

[1] Support for Plaintiff's statements in her Response is fully identified and cited in Plaintiff's summary judgment briefing as NCO-TSI is fully aware.

1

As to the application of the discovery rule and fraudulent concealment doctrine to *some* of Ms. Michaels **FDCPA claims only** and within the context of *Griffith* and *Rockwell*, Ms. Michaels' Response shows that the D.C. Circuit decision trumps the authority cited in NCO-TSI's Notice of Supplemental Authority and distinguishes *Griffith v. Educap, Inc., et al.*, 2018 WL 4308572 (U.S. D.C. Sept. 9, 2018) and *Rockwell Capital Partners, Inc. v. CD Int'l Enters, Inc.*, 311 F.Supp.3d 52 (U.S. D.C. 2018) from the case at bar in rebuttal to NCO-TSI's claim that such cases are analogous and "instructive" to the case at bar. In other words, exactly what *Randolph, et al, v. ING Life Ins. and Annuity Co.,* 486 F.Supp.2d 1, 11, n.5 (2007) (the actual case NCO-TSI quotes from in its motion to strike) court did not strike in relation to the response to the supplemental authority filed in that case. The *Randolph* court specifically did not strike "the first page of the Response" because said first page "actually addresses the cases cited by ING as supplemental authority, asserting that '[t]he problem with the alleged supplemental authorities is twofold.'" *Id*. Like the first page in *Randolph* that **was not stricken**, and as NCO-TSI is fully aware, Ms. Michaels Response only addresses the cases cited in NCO-TSI's Notice of Supplemental Authority by distinguishing such cases from the case and facts at bar in relation to fraudulent concealment, the discovery rule and her abuse of process and malicious prosecution claims. Specifically, Ms. Michaels only addresses "[t]he problem with the alleged supplemental authorities" in the context of the cases noticed by NCO-TSI as she is fully permitted to do under *Randolph*.

The law and the facts are against NCO-TSI so NCO-TSI continues to pound the table, i.e., the instant unsupported motion to strike. Plaintiff cannot be faulted for accurately citing to the law and NCO-TSI and MRA's own statements as evidence that distinguishes the actions of the courts in NCO-TSI's purported supplemental authority. NCO-TSI continues to file motions

such as the one at bar and express faux outrage at hearings in order to distract from the law and the facts of this case.  NCO-TSI knows that its motion to strike is without merit based on its own cited authority yet it filed the motion to again distort and distract through disingenuous citations to the record that do not support the assertion/argument attached thereto (i.e., NCO-TSI identifying itself as anything other than the plaintiff that initiated, maintained and settled the NCSLT action and instead identifying itself as the "custodian of records" that purportedly certifies documents as NCO-TSI so identifies in the referenced affidavits conceals NCO and TSI's *de facto* plaintiff role in the NCSLT suit, the absence of any participation by NCSLT 2007-4 (the named plaintiff) in the NCSLT suit and NCO /TSI's lack of any ownership interest in the alleged debt …the case caption throughout the NCSLT suit identifying the prosecuting plaintiff as NCSLT 2007-4 speaks for itself).  Dkt 64 at p.11.  As such, the purported evidence cited to in NCO-TSI's MSJ briefing identifying themselves as the "custodian of records" "does not dispute Ms. Michaels' claims concerning fraudulent concealment or application of the discovery rule" and the statements made in Ms. Michaels' Response are not false as wrongly characterized by NCO-TSI.  The same goes for Ms. Michaels' submission of unrebutted admissions by MRA and NCO-TSI supported by record citations relating to Ms. Michaels' unauthorized practice of law claim. *See* Revised Reply, p. 17-20, Sect. C. The statement is 100 percent true and NCO-TSI's claims of false statements allegedly made in Ms. Michaels' Response again are without merit.  Ms. Michaels respectfully request that the Court not be swayed by the latest distraction by the Defendants as the arguments, facts, law and record evidence as already laid out in the briefing of both parties speaks for itself.

     Ms. Michaels properly responded to NCO-TSI's cited supplemental authority and claim that such authority is analogous/"instructive" by distinguishing such cases on the facts and the

law and citing to controlling authority relating to one case from the DC Circuit as is permitted by NCO-TSI cited authority in its motion to strike. As such, Ms. Michaels respectfully requests that NCO-TSI's motion be denied.

DATE: September 4, 2019                               Respectfully Submitted,

                                                      CONSUMER JUSTICE ESQ

                                                      /s/RDennis
                                                      Counsel for Plaintiff, SHARON MICHAELS
                                                      CONSUMER JUSTICE ESQ
                                                      Radi Dennis, DC Bar#473921
                                                      P.O. Box #27081
                                                      Washington, DC 20038
                                                      rdennis@consumerjusticeesq.com
                                                      Telephone: (202) 579-1243

**CERTIFICATE OF SERVICE**

I, Radi Dennis, hereby certify that on this 4th day of September, 2019, a true and accurate copy of the foregoing will be served electronically using the CM/ECF system upon the following:

Bryan Shartle
Spencer Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002-7227
*Attorney for NCO Financial Systems & Transworld Systems Inc.*

Aaron R. Easley
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3 Cross Creek Dr.
Flemington, NJ 08822-4938
*Attorney for NCO Financial Systems & Transworld Systems Inc.*

Lauren Burnette
MESSER STRICKLER, LTD
12276 San Jose Blvd, Suite 720
Jacksonville, FL 32223
*Attorney for Mitchell Rubenstein & Associates, P.C.*

David B. Ashe
DOMINION LAW ASSOCIATES, PLLC
222 Central Park Ave, Suite 210
Virginia Beach, VA 23462
*Attorney for Dominion Law Associates, LLC*

                                              Respectfully Submitted,

                                              CONSUMER JUSTICE ESQ


                                              /s/RDennis_____
                                              Counsel for Plaintiff, SHARON MICHAELS
                                              CONSUMER JUSTICE ESQ
                                              Radi Dennis, DC Bar#473921
                                              P.O. Box #27081
                                              Washington, DC 20038
                                              Telephone: (202) 579-1243

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHARON MICHAELS<br>*Plaintiff*<br>v.<br><br>NCO FINANCIAL SYSTEMS, INC. *et al.*<br>*Defendants*, | ) <br> ) <br> ) **Case No: 1:16-cv-01339-TFH** <br> ) <br> ) <br> ) <br> ) <br> ) |

## **PROPOSED ORDER**

Upon consideration of Defendant's Motion to Strike and the Opposition thereto, it is this

\_\_\_\_day of_____, 2019, hereby

ORDERED that Defendants' motion is hereby DENIED

---

Date

---

Hon. Thomas F. Hogan
United States District Court for the
District of Columbia