UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON MICHAELS )<br>*Plaintiff* )<br>**v.** )<br>)<br>NCO FINANCIAL SYSTEMS, INC. *et al.* )<br>*Defendants*, )<br>) | ) Case No: 1:16-cv-01339-TFH |

### RESPONSE TO NCO-TSI NOTICE OF SUPPLEMENTAL AUTHORITY

NOW INTO COURT, through undersigned counsel, come Sharon Michaels, Plaintiff in the above entitled and captioned matter, individually, who submits the instant Response to NCO-TSI recently filed Notice of Supplemental Authority.  The holding in *Rotkiske v. Klemm*, No. 18-328 (U.S. Dec. 10, 2019) is inapplicable to the instant case.  The question presented and answered in *Rotkiske* is "[d]oes the statute of limitations under the Fair Debt Collection Practices Act begin when the violation is discovered or when the violation occurred?"  The Supreme Court specifically held:

> "**[A]bsent the application of an equitable doctrine**, the statute of limitations §1692k(d)'s begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Id*. at *1

Further explaining that "that there is no default presumption [in the FDCPA] that all federal limitations periods run from the date of discovery."  The *Rotkiske* decision resolved the question of whether "application of a general discovery rule as a principle of statutory interpretation" is mandated by the FDCPA.  *Id*. However, the Court reaffirmed the existence of "the application of a fraud-specific discovery rule as an equitable doctrine." The Court decided the "statutory

1

interpretation" question and the existence and viability of the fraud-based equitable doctrines remain intact.

*Rotkiske* argued that the Court "should interpret §1692k(d) to include a general 'discovery rule' that applies to all FDCPA actions." Unlike the *Rotkiske* plaintiff, Ms. Michaels does not make an argument that the FDCPA automatically "incorporates a 'discovery rule' that would delay the beginning of the limitations period until the plaintiff knew or should have known of his injury." Instead, Ms. Michaels specifically argues for application of the pertinent equitable tolling doctrines based on NCO-TSI's fraud and fraudulent concealment of its role and identity in the underlying collection litigation. The availability of the equitable doctrines was reaffirmed by Justice Sotomayor in *Rotkiske*:

> [T]he Court has long 'recogni[zed]' and applied this 'historical exception for suits based on fraud.' Id., at 37; see also id., at 27 (majority opinion) (noting equitable discovery rule 'in cases of fraud or concealment'); *Holmberg v. Armbrecht*, 327 U. S. 392 (1946); *Exploration Co. v. United States*, 247 U. S. 435 (1918); *Bailey v. Glover*, 21 Wall. 342 (1875); *Sherwood v. Sutton*, 21 F. Cas. 1303 (No. 12,782) (CC NH 1828) (Story, J.). ***Nothing in today's decision prevents parties from invoking that well settled doctrine.***

(Sotomayor, J., *concurring*). Also as long-held in *Holmberg v. Armbrecht*:

> adopted as its own the old chancery rule that where a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute [of limitations] does not begin to run until the fraud is discovered."

327 U. S. 392, 397 (1946). The *Rotkiske* decision specifically excluded each of the statute-of-limitations questions presented in this case.

> **We do not decide** whether the text of 15 U. S. C. §1692k(d) permits the application of equitable doctrines or whether the claim raised in this case falls within the scope of the doctrine applied in Bailey and its progeny. (*Rotkiske*, at n. 3)

The *Rotkiske* plaintiff failed to preserve the fraud, the fraud-based discovery rule and the fraudulent concealment equitable doctrines at issue in this case by not raising them on appeal to the circuit court. As such, the Supreme Court citing the failure refused to consider such

2

doctrines in *Rotkiske* making the case and the holding inapplicable to the case at bar. Ms. Michaels was the victim of fraud and fraudulent concealment by each of the Defendants and timely and properly raised the foregoing equitable doctrines in relation to her discovery of such fraud.

Second, the *Rotkiske* case is also inapplicable because the D.C. Circuit has determined that a tortiously prosecuted lawsuit is a continuing tort under D.C. law. See *Jung v. Mundy, Holt & Mance P.C.*, 372 F.3d 429, 433 (D.C. Cir. 2004) ("[A] lawsuit is a continuous, not an isolated event, because its effects persist from the initial filing to the final disposition;" injury flows from "cumulative costs of defense"). Here, the violation continued for almost two years. *Rotkiske* does not affect the DC Circuit holding that a lawsuit is a continuous violation (thus continues to occur until final disposition) and is not an isolated event.

DATE: December 24, 2019                    Respectfully Submitted,

                                                        CONSUMER JUSTICE ESQ

                                                        /s/RDennis
                                                        Counsel for Plaintiff, SHARON MICHAELS
                                                        CONSUMER JUSTICE ESQ
                                                        Radi Dennis, DC Bar#473921
                                                        P.O. Box #27081
                                                        Washington, DC 20038
                                                        rdennis@consumerjusticeesq.com
                                                        Telephone: (202) 579-1243

## **CERTIFICATE OF SERVICE**

I, Radi Dennis, hereby certify that on this 24th day of December, 2019, a true and accurate copy of the foregoing will be served electronically using the CM/ECF system upon the following:

Bryan Shartle
Spencer Schultz

SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002-7227
*Attorney for NCO Financial Systems & Transworld Systems Inc.*

Aaron R. Easley
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3 Cross Creek Dr.
Flemington, NJ 08822-4938
*Attorney for NCO Financial Systems & Transworld Systems Inc.*

Lauren Burnette
MESSER STRICKLER, LTD
12276 San Jose Blvd, Suite 720
Jacksonville, FL 32223
*Attorney for Mitchell Rubenstein & Associates, P.C.*

David B. Ashe
DOMINION LAW ASSOCIATES, PLLC
222 Central Park Ave, Suite 210
Virginia Beach, VA 23462
*Attorney for Dominion Law Associates, LLC*

        Respectfully Submitted,

        CONSUMER JUSTICE ESQ


        /s/RDennis
        Counsel for Plaintiff, SHARON MICHAELS
        CONSUMER JUSTICE ESQ
        Radi Dennis, DC Bar#473921
        P.O. Box #27081
        Washington, DC 20038
        Telephone: (202) 579-1243