UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON MICHAELS,<br><br>                          Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., *et al.*,<br><br>                          Defendants. | Civil Action No. 16-01339 (TFH) |

### MEMORANDUM OPINION & ORDER

Pending before the Court is a Joint Motion for Entry of Final Judgment filed by defendants NCO Financial Systems, Inc. and Transworld Systems, Inc. [ECF No. 121] and joined by defendant Mitchell Rubenstein & Associates, P.C. ("MRA") [ECF No. 124] (collectively, "defendants"). These defendants are seeking entry of final judgment in their favor pursuant to Federal Rule of Civil Procedure 54(b) in light of the Court's May 2020 ruling granting summary judgment in their favor on all claims. *See* Order [ECF No. 115] and Mem. Op. [ECF No. 114]. Although the Court's May 2020 Order resolved all claims against NCO, Transworld, and MRA, it did not constitute the final judgment in this case because Plaintiff's claims against defendant Dominion Law Associates, PLLC remain pending.[1]

Seeking finality, defendants argue that entry of final judgment in their favor is proper at this time because the Court's grant of summary judgment was a "final decision" on Plaintiff's "claims for relief" against them, and "there is no just reason for delay because the factual and legal issues relating to Plaintiff's claims against Dominion are separate and distinct from her

---

[1] No summary judgment motion was ever filed on behalf of Dominion Law Associates, however, and Plaintiff did not file a summary judgment motion with respect to Dominion's liability.

claims" against NCO, Transworld, and MRA.  Joint Mot. at 3.  Plaintiff takes no position on the defendants' request for entry of final judgment.  Response at 1 [ECF No. 127].

### A. Standard for Entry of Final Judgment Under Rule 54(b)

When litigation involves multiple parties, as it does here, Federal Rule of Civil Procedure 54(b) allows the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties."  The Court may do so, however, only if it "expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  The D.C. Circuit has stated that "[t]he express direction and determination is a bright-line requirement."  *Bldg. Indus. Ass'n of Super. California v. Babbitt*, 161 F.3d 740, 743 (D.C. Cir. 1998).

Relying on the 1980 Supreme Court decision in *Curtiss-Wright Corp. v. General Electric Co.*, the D.C. Circuit has further explained that

> the district court should not certify under Rule 54(b) until it has determined "that it is dealing with a 'final judgment.'" The decision for certification must constitute "a 'judgment' in the sense that" it determines a claim for relief. *Id.* Further, "it must be 'final' ... 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"
>
> . . .
>
> [O]nce the district court has found finality, it "must go on to determine whether there is any just reason for delay." The Court in *Curtiss-Wright* explicitly declared that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id.* It is at that point that the district court most explicitly performs that function which the *Sears* Court described as "dispatcher"; that is, it is then that the court must "determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." It is that decision which rests in the discretion of the district court. In making that decision, the court must exercise its discretion "'in the interest of sound judicial administration.'" Before departing from the norm, that is, determining that there are "no just reasons to delay" and entering a final judgment on one of multiple claims, a district court "*must* take into account judicial administrative interests as well as the equities involved." Thus, a district court should properly consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide

the same issues more than once even if there were subsequent appeals." *Id.* (citing *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980)).

**B. Analysis**

    **a. The Court's May 29, 2020 Order is a Final Judgment**

A judgment is "final" for purposes of Rule 54(b) if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436 (1956). The Court's May 29, 2020 Order entering summary judgment in favor of NCO, Transworld, and MRA was the "ultimate disposition" of all claims against those defendants in this case. Accordingly, that Order is a "final" judgment under Rule 54(b).

    **b. There is No Just Reason for Delay**

Taking the judicial administrative interests and the equities into account, the Court finds that there is no just reason for delaying entry of final judgment in favor of defendants NCO, Transworld, and MRA. Defendants are correct that the claims against them, which have been fully disposed of, are separable from the remaining claims against Dominion, and the nature of the claims are such that the Circuit would not have to decide the same issues more than once even if there were subsequent appeals.

**C. Conclusion**

For the foregoing reasons, the Court finds that is it proper to direct entry of final judgment as to defendants NCO, Transworld, and MRA under Federal Rule of Civil Procedure 54(b). Accordingly, it is hereby

**ORDERED** that defendants' Joint Motion for Entry of Final Judgment [ECF No. 121] is **GRANTED**. It is further

**ORDERED** that the Clerk of Court is directed to enter final judgment in favor of NCO Financial Systems, Inc., Transworld Systems, Inc., and Mitchell Rubenstein & Associates, P.C.

**SO ORDERED.**

February 8, 2022

                                                                               Thomas F. Hogan
Senior United States District Judge